Case 7:11-cv-00172   Document 28   Filed on 03/14/18 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EUSTORGIO GUZMAN RESENDEZ, §<br>  Petitioner, § <br> § CIVIL ACTION NO. 7:11-CV-172<br>VS. §<br> §<br>LORIE DAVIS,[1] §<br>  Respondent. § | |

# REPORT AND RECOMMENDATION

Petitioner Eustorgio Guzman Resendez has filed a letter motion to "Request to Re-Open Petitioner's Habeas Corpus," which has been referred to the undersigned. (Docket No. 27.) Petitioner is serving a life sentence after his 1992 conviction for capital murder. Petitioner filed the pending letter motion over three years after the Fifth Circuit Court of Appeals denied his request for a certificate of appealability in order to challenge the District Court's dismissal of his underlying habeas corpus action pursuant to 28 U.S.C. § 2254. (*See* Docket Nos. 16, 17, 26.) Citing Rule 60(b)(6) of the Federal Rules of Civil Procedure, Petitioner urges the Court to "re-open the habeas corpus case" to allow him to assert two claims challenging the evidence that was presented in his state court trial. (Docket No. 27, at 6.)

After carefully considering the motion in light of the record and the applicable law, and for the reasons discussed below, the undersigned recommends that Petitioner's motion to re-open be denied. Under the circumstances here, Rule 60(b) does not provide Petitioner with a basis to re-open his case. Rather, his motion should be construed as a successive § 2254 petition for writ of habeas corpus. Because Petitioner has not moved in the Fifth Circuit Court of Appeals to seek

---

[1] Effective May 1, 2016, Lorie Davis replaced William Stephens as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party." FED. R. CIV. P. 25(d).

authorization to file a successive § 2254 motion, the District Court lacks authority to consider the claims in his motion to re-open, and it should therefore be denied.

## I.  BACKGROUND

Petitioner is in state custody serving a life sentence after a jury found him guilty of capital murder in the brutal killing of four individuals.  The evidence presented at trial showed that Petitioner and his two co-defendants killed the four victims as a result of a drug debt.  The victims died from gunshot wounds and their bodies were then burned to conceal the evidence of their murders.[2]

Petitioner originally filed this § 2254 action seeking federal habeas relief on several grounds.  The undersigned addressed Petitioner's claims in a report and recommendation, which recommended that Petitioner's federal habeas claims be denied as time barred.  (Docket No. 13.)  Petitioner filed his federal habeas petition about 14 years too late.  The District Court adopted the report and recommendation and dismissed this action.  (Docket Nos. 16, 17.)  Petitioner appealed the District Court's dismissal to the Fifth Circuit Court of Appeals.  On August 29, 2013, the Fifth Circuit denied Petitioner a certificate of appealability and dismissed his appeal.

Over three years later, on March 22, 2017, Petitioner filed the pending motion to re-open. (Docket No. 27.)  Petitioner apparently wishes to pursue two claims.  First, Petitioner requests that the Court "re-open the habeas corpus case to determine whether the trial proceedings to include the jury verdict is tainted with suppressed evidence." (*Id.* at 6.)  Specifically, Petitioner claims that after six days of trial the prosecutor introduced into evidence an AK-47 assault rifle

---

[2] A summary of the facts involved in Petitioner's underlying criminal charges is found in the undersigned's report and recommendation addressing his initial claims.  (*See* Docket No. 13, at 3-4.)  The facts can also be found in the Thirteenth Court of Appeals' decision addressing Petitioner's direct appeal.  *Resendez v. State*, 860 S.W.2d 605 (Tex. App.—Corpus Christi 1993, pet. ref'd).

that was seized from Petitioner when he was arrested.[3] (*Id.* at 2.) Petitioner's attorney challenged the introduction of the AK-47 into evidence based on grounds that it was "illegally obtained." (*Id.*) According to Petitioner, after a suppression hearing, the state court agreed with defense counsel, did not allow the AK-47 to be admitted into evidence, and gave a "[a] short instruction" that the jury should "disregard the AK-47 rifle." (*Id.*)

Second, Petitioner also argues that the murder victims were not identified using "scientific evidence"; rather, they were primarily identified using "item's found at the crime scene," which he claims amounts to "junk science." (*Id.* at 5.) With his motion, Petitioner included an affidavit from Dr. John Plunkett, who concludes "that the bodies [of the victims] must be exhumed and re-examined in order to establish positive identification and to document the injuries each person received." (Docket No. 27-2, at 2.) Dr. Plunkett signed his affidavit on July 18, 2011. (Docket No. 27-2, at 2.)

Petitioner claims that these were "plain errors" that substantially affected his rights and "had a prejudicial impact on the jury deliberation." (Docket No. 27, at 4.) He requests that the District Court "re-open the habeas corpus case" pursuant to Rule 60(b)(6) in order to address these claims. (*Id.* at 6.)

## II. ANALYSIS

Since Petitioner's motion to re-open was filed long after the judgment was entered in his federal habeas case, it may be characterized as a Rule 60(b) motion. *See Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (citing *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir. 1986)). However, like his federal habeas action itself, his Rule 60(b)

---

[3] The prosecutor was attempting to admit the AK-47 into evidence after one of Petitioner's co-defendants testified that he witnessed Petitioner firing the AK-47 into the van in which the victims were killed. (Docket No. 27, at 2.)

motion is untimely.  Such a motion must be brought "within a reasonable time."  FED. R. CIV. P. 60(c).  As noted, Petitioner filed his motion to re-open over three years after the Fifth Circuit Court of Appeals denied his request for a certificate of appealability, and over four years after the District Court entered its final judgment.  (*See* Docket Nos. 16, 17, 26.)

Even if the motion had been timely, Rule 60(b) does not provide a basis for Petitioner to re-open his federal habeas action in order to assert additional claims.  Rule 60(b) generally permits a court to relieve a party from a final judgment for reasons such as mistake, new evidence, and fraud.  *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 1987).  In addition, Rule 60(b)(6) is a catch-all provision allowing a court to grant relief for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  However, "the catch-all category is not to be used as a substitute for appeal or as a means of extending the time for appeal."  *See Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984); *Elgin Nat. Watch Co. v. Barrett*, 213 F.2d 776, 779-80 (5th Cir. 1954) ("The mere fact that the judgment was erroneous does not constitute 'any other reason justifying relief'" under Rule 60(b)(6)).  Petitioner's motion fails to qualify for relief on any of the grounds listed in the rule.

In addition, "[a] Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive 28 U.S.C. § 2254 application."  *Chase*, 74 F. App'x at 345 (citing *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) and *United States v. Rich*, 141 F.3d 550, 551–52 (5th Cir. 1998) (28 U.S.C. § 2255 case)).  Under 28 U.S.C. § 2244(b)(3)(A), an inmate must move in the appropriate court of appeals for an order of authorization before filing a second or successive petition in district court.  *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).  "Indeed, the purpose and intent of [section 2244(b)(3)(A)] was to eliminate the need for the district courts to

repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The claims identified in Petitioner's motion to re-open are similar to claims that he asserted in his initial § 2254 motion; namely, various challenges regarding the introduction and subsequent suppression of the AK-47 firearm at trial. (Docket No. 1, ¶ 20 (Grounds Three and Four).) In addition, the claims in his motion to re-open are also similar to claims that Petitioner asserted at various stages of his state court habeas proceedings. (*See, e.g.*, Docket No. 8-10, at 1-8 (writ of mandamus regarding exhuming victims for proper identification); Docket No. 9-15, at 4 (motion to exhume bodies noted); Docket No. 9-22, at 16 (challenge to the victim identification); Docket No. 9-27, at 13 (challenge to the suppression of the AK-47); Docket No. 9-29, at 14 (challenge to the suppression of the AK-47).

From a review of the claims stated in his motion to re-open, it is clear that Petitioner could have (or did) assert them in his initial § 2254 petition, as well as at various stages of his state court habeas proceedings. Petitioner offers no explanation as to why he waited several years after the District Court rendered final judgment in his case, and after the Fifth Circuit Court of Appeals denied his request for a certificate of appealability, to file his motion to re-open.[4]

In any event, whatever his reasons for delay in asserting the claims identified in his motion to re-open, Petitioner's motion constitutes a successive habeas petition. Accordingly, the District Court lacks jurisdiction to consider Petitioner's claims in his motion to re-open. *Key*, 205 F.3d at 774 (finding that section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has

---

[4] Consistent with these delays, Petitioner also offers no explanation as to why he waited almost six years to submit Dr. Plunkett's affidavit, which is dated July 18, 2011. (*See* Docket No. 27-2, at 2.)

granted the petitioner permission to file one."). Petitioner must seek authorization from the Fifth Circuit Court of Appeals before the District Court can adjudicate the merits of his petition. 28 U.S.C. § 2244(b)(3)(A).

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's "Request to Re-Open Petitioner's Habeas Corpus" (Docket No. 27) be **DENIED**.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on March 14, 2018.

Peter E. Ormsby
United States Magistrate Judge